NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARGARITO VELASQUEZ-RODRIGUEZ, | No. 22-44 |
| | Agency No. A206-349-631 |
| Petitioner, | |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2023**
San Francisco, California

Before: S.R. THOMAS, CHRISTEN, and BRESS, Circuit Judges.

Petitioner Margarito Velasquez-Rodriguez, a native and citizen of

Honduras, petitions for review from the denial of his applications for

withholding of removal and relief under the Convention Against Torture (CAT).

An immigration judge (IJ) denied petitioner's applications, and the Board of

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Immigration Appeals (BIA) dismissed his appeal.  We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.[1]

Because the parties are familiar with the facts, we do not recite them here. We review the denial of Velasquez-Rodriguez's applications for withholding of removal and CAT relief for substantial evidence, and we "must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

1.  To qualify for withholding of removal, applicants must show a "clear probability" that they will be persecuted because of a protected ground, such as religion, political opinion, or membership in a "particular social group."  *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) (internal quotation marks omitted).  The agency specifically found that Velasquez-Rodriguez failed to establish a clear probability that the gang would target him based on his political opinion, his membership in the Mennonites, or his family.

The record does not compel a contrary conclusion.  Velasquez-Rodriguez testified that the gang extorted him and his family because of their money, killed his brother for the same reason, and also extorted their neighbors and other families in Honduras for money.  Substantial evidence supports the agency's determination that these were instances of generalized gang violence and that the gang that threatened his family did not target him because of his

---

[1]  Velasquez-Rodriguez's motion to stay removal (Dkt. 2) is denied, and the temporary stay of removal (Dkt. 15) is vacated.

affiliation with Mennonites or his family.

2. The agency determined that Velasquez-Rodriguez did not establish it is more likely than not that he will be tortured with the consent or acquiescence of a government official if he is removed to Honduras. *See* 8 C.F.R. §§ 208.16(c)(2), 208.17(a), 208.18(a). Substantial evidence supports that determination. Velasquez-Rodriguez waived any objection to the agency's finding that the government would not consent or acquiesce to him being tortured because he did not address this issue in his opening brief. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996). Nor does the record compel the conclusion that Velasquez-Rodriguez will be tortured if he returns to Honduras. Velasquez-Rodriguez argues that he met his burden because he was threatened over the telephone and his brother was killed. But even considering these factors together with Velasquez-Rodriguez's general evidence about violence in Honduras, we are not compelled to conclude that Velasquez-Rodriguez is eligible for CAT relief. *See, e.g.*, *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 891 (9th Cir. 2021); *Duran-Rodriguez*, 918 F.3d at 1028–30.

**PETITION DENIED.**